# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 12-20763

---

SERGEANT MARK MCMANAWAY; DAVID RANCOURT; BRENT LASHER;
JODY AISTROP; WILLIAM BICKELL; ET AL,

Plaintiffs - Appellees

v.

KBR, INC.; KELLOGG, BROWN & ROOT SERVICES, INC; KBR
TECHNICAL SERVICES, INC.; OVERSEAS ADMINISTRATION
SERVICES, INC.; SERVICE EMPLOYEES INTERNATIONAL, INC.,

Defendants - Appellants

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-cv-1044

---

Before STEWART, Chief Judge, and KING and PRADO, Circuit Judges.

O R D E R:

This case came to us from the district court's order certifying for interlocutory appeal under 28 U.S.C. § 1292(b) its denial of the defendants' motion to dismiss this case as: (1) barred under the political question doctrine and (2) preempted by the combatant-activities exception to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(j). After reviewing the parties' briefs and the record and hearing argument, we have determined that this interlocutory appeal was improvidently granted.

Under 28 U.S.C. § 1292(b), a district judge may certify an interlocutory order for immediate appeal if the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." Appellate courts have discretion over whether to permit appeals from interlocutory orders. *Id.* Additionally, if a court determines that it has accepted an interlocutory appeal under § 1292(b) that is not suitable for such an appeal, "it may vacate its order accepting appellate jurisdiction, relinquish jurisdiction, and remand the case to the district court." *Parcel Tankers, Inc. v. Formosa Plastics Corp.*, 764 F.2d 1153, 1156 (5th Cir. 1985).

Consideration of whether the plaintiffs' claims are barred under the political question doctrine is premature. The plaintiffs in this case originally hailed from Indiana, West Virginia, South Carolina, and the United Kingdom, their alleged injuries occurred in Iraq, and the defendant corporations are allegedly headquartered in Texas. Yet the district court has not performed, and we have not received the briefing necessary for us to perform, a choice-of-law analysis. Although the parties largely assumed before the district court that Texas substantive law applies, the defendants expressly reserved the issue. We have previously explained that courts "must analyze [an] appellant's claim as it would be tried, to determine whether a political question will emerge." *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (quotation marks and citations omitted). In *Lane*, which also involved the liability of a military contractor, we noted that Texas law applied (and set out the elements of that law) *before* we analyzed the parties' claims and defenses under state law to decide whether they raised nonjusticiable political questions. *Id.* at 564–68; *see also Harris v. Kellogg Brown & Root Servs., Inc.*, 724 F.3d 458, 467 (3d Cir. 2013) ("Ultimately, whether the claims or defenses introduce a political question depends on which

state's law applies."). Until a determination is made on the controlling law, we are unable to decide here whether the political question doctrine prevents the plaintiffs from asserting their claims.

Appellate review of the denial of the dismissal on political question grounds is also hampered by the district court's decision not to certify for interlocutory appeal its order denying the defendants' request to designate the United States as a responsible third party under Texas's proportionate responsibility scheme, Tex. Civ. Prac. & Rem. Code § 33.004. Although we do not decide this issue, the political question analysis may ultimately depend on the correctness of the order denying the third-party designation. *See Fisher v. Halliburton*, 667 F.3d 602, 621 (5th Cir. 2012) ("Whether this case presents a nonjusticiable political question is a significant issue, particularly since [the defendants] sought to have the role of the United States considered under section 33.004[] of Texas Civil Practice and Remedies Code not as a party to the litigation, but as a responsible third party."). If the district court decides that Texas law applies, its decision that the government could not be designated a responsible third party may well prevent the jury from allocating fault at trial between the defendants, on the one hand, and the government, on the other.[1] Because the district court denied the defendants' certification motion, we are precluded from reviewing in this appeal the correctness of the order denying the

---

[1] Assuming *arguendo* that Texas tort law applies, and that the district court correctly denied the third-party designation, the defendants have stated that they plan to show that the government was the sole proximate cause of the plaintiffs' injuries. The defendants argue that the political question doctrine will then apply because the trier of fact will then be required to review the wisdom of the military's decisions and decide whether the military was negligent. But the defendants fail to point us to any law addressing the standards for evaluating causation. Without deciding, we note that in Texas the law may be that, "to constitute 'sole proximate cause', the conduct of the third person who it is alleged exclusively brought about the plaintiff's injuries need not be negligent; rather it need only have been conduct, whether negligent or otherwise, which was the *sole* and *only cause* of the complained-of injuries." *Eastman Kodak Co. v. Martin*, 362 F.2d 684, 687 (5th Cir. 1966); *see also Huckaby v. A.G. Perry & Son, Inc.*, 20 S.W.3d 194, 207 (Tex. App.—Texarkana 2000, pet. denied).

No. 12-20763

designation. *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) ("The court of appeals may not reach beyond the certified order to address other orders made in the case.").

We also decline to address the second issue raised in this appeal, which is whether the plaintiffs' claims are preempted by the combatant-activities exception to the FTCA. While the defendants' preemption arguments go to the merits of the plaintiffs' claims, the political question doctrine "'expresses the jurisdictional limitations imposed upon federal courts by the 'case or controversy' requirement of Art[icle] III.'" *Spectrum Stores, Inc. v. Citgo Petroleum Corp.*, 632 F.3d 938, 948 (5th Cir. 2011) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 215 (1974) (alterations in original)). Since jurisdiction remains in question, it is at least prudent to avoid addressing the merits of the plaintiffs' claims. *Cf. Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

We therefore DISMISS this appeal without prejudice.